**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELO RICCARDO CAPALBO, | Civil No. 13-3291 (RMB) |
| Petitioner, | |
| v. | **OPINION** |
| J. HOLLINGSWORTH, | |
| Respondent. | |

**APPEARANCES**:

    ANGELO RICCARDO CAPALBO, #55941-054
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ  08640
    Petitioner *Pro Se*

    PAUL. A. BLAINE, Assistant U.S. Attorney
    401 Market Street
    Camden, New Jersey 08101
    Attorney for Respondent

**BUMB, District Judge**:

Angelo Riccardo Capalbo, an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, and a memorandum of law, seeking an order directing J. Hollingsworth, the Warden, to provide "timely health services by professional staff consistent with acceptable standards of medical practice, because for all reasons set forth (medical conditions presented and the record before you) incarceration will likely cause my death, and; such other relief as is just."

(Petition, ECF No. 1 at 8.)  As Petitioner's submissions indicated a potential medical emergency, this Court ordered the United States Attorney to file a declaration of a medical official within five days. The government filed a timely response, including a letter brief seeking dismissal of the Petition for lack of jurisdiction under § 2241 and the declaration of Dr. John Chung, Capalbo's primary care physician at FCI Fort Dix.

The government has satisfied this Court that Angelo Capalbo is not in imminent danger.  As the government's contention that this Court lacks jurisdiction to grant Capalbo relief under § 2241 is correct and *sua sponte* recharacterization of the Petition is not appropriate at this time, this Court will summarily dismiss the Petition for lack of jurisdiction under § 2241.  However, if Capalbo either prepays the $400 filing and administrative fees for a civil action, or files an application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, this Court will reopen the file and recharacterize the pleading as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## I.  BACKGROUND

In the section of the § 2241 form he used, Capalbo sets forth one ground supporting his claim that he is being held in violation of the Constitution, laws, or treaties of the United States:

2

"Respondent fails to provide health services by professional staff consistent with acceptable standards of medical practice." (Petition, Ground One, ECF No. 1 at 6.)  He sets forth the facts supporting this ground in a 24-page "Memorandum in Support of Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241," with several exhibits attached.

    Capalbo states in the memorandum that he is 53 years old, he is serving a 20-year sentence, and he has been confined at FCI Fort Dix since August 12, 2006.  Capalbo begins his narrative as follows: "My reason for writing to [this Court] is because I would like to obtain relief from the malpractice of FCI Fort Dix, Saint Francis Hospital in Trenton, New Jersey, Dr. Shaw, a surgeon at Saint Francis Hospital, the medical director at the FCI, Miss Abigail Lopez DeLasalle and Dr. Chung who is also here at FCI, Fort Dix."  (Mem., ECF No. 1 at 10-11.)  Capalbo describes in detail the events which occurred after he was diagnosed with Ulcerative Colitis in November 2007, including surgical removal of polyps and a biopsy in August 2008, a colonoscopy and another biopsy in June 2006, surgical removal of 70% of his colon in July 2011, a CT scan on August 3, 2011, surgical installation of a colostomy bag in August 2011 (which was to remain for three to six months), a barium CT scan in December 2011, a colonoscopy in January 2012, a consultation with a gastroenterologist in January 2012, and antibiotic treatment for

3

MRSA since November 2012.  Capalbo asserts that a meeting occurred in the spring of 2012, and his surgeon, Dr. Shaw, recommended to prison medical officials that Capalbo "be transferred to a medical facility, possibly one associated with a university hospital, like Butner or Devens, where [he] could get . . . a procedure . . . called a 'J-Pouch surgery.'" (Mem., ECF No. 1 at 29-30.)

According to attachments, on November 11, 2012, Capalbo submitted a request for administrative remedy to the Warden stating that Capalbo has had a colostomy bag and open stoma for 18 months, and requesting a transfer to a medical center in order to undergo the surgical procedure recommended by Dr. Shaw.  (Request for Administrative Remedy, ECF No. 1 at 39.)  On December 28, 2012, Warden J. Hollingsworth denied the request as follows:

> Records reveal you have a history of ulcerative colitis, and in June 2011 you underwent a partial colectomy with temporary ileostomy based on an exacerbation of your colitis with diarrhea and bleeding . . . .  The Surgeon recommended a proctocolectomy and ileoanal anastomosis.  As a result, Health Services submitted you for a transfer to a Medical Center where the surgery could be performed.  On September 7, 2012, the request was approved, but was later denied on September 14, 2012, with instruction to seek the surgical procedure locally.  Currently, you are scheduled to undergo the procedure in the near future at a local medical center.

(Response dated Dec. 28, 2012, ECF No. 1 at 40.)

In the Petition, Capalbo asserts that, as of May 16, 2013 (the date he submitted the Petition), the surgery has not been performed and he is still wearing the colostomy bag. (Mem., ECF No. 1 at 31.)

On June 4, 2013, this Court ordered the government, within 5 days of the date of the entry of the Order, to file the declaration of a medical official (1) setting forth the medical status of Angelo Capalbo, (2) stating whether surgery has been scheduled, and (3) averring that neither his health nor his life is in immediate danger. (Order, ECF No. 2.) As previously stated, on June 10, 2013, the Assistant United States Attorney filed a letter brief seeking dismissal of the Petition for lack of jurisdiction under § 2241 and the declaration of Dr. Chung. (Response, ECF No. 3.) Dr. Chung averred that: Capalbo underwent a diverting ileostomy with colostomy bag placement in August 2011; in June 2012, the surgeon recommended that a total proctocolectomy with ileostomy and then an ileanal pouch be performed at a university hospital; Capalbo was scheduled to consult with a colorectal surgeon at Cooper University Hospital during the week of June 10, 2013; and Capalbo's health and life were not in immediate danger. (Chung Declaration, ECF No. 3-1 at 5.) On June 13, 2013, the Assistant United States Attorney updated the response to the Order to Show Cause, informing this Court that on June 10, 2013, Dr. Michitaka Kawata, a colorectal surgeon at Cooper University Hospital saw Capalbo and ordered additional

testing. (Updated Response, ECF No. 5.) Capalbo filed a letter stating that he was not able to file a response due to BOP's failure to deliver mail. (Letter, ECF No. 7.)

As this Court is now satisfied that Capalbo is not in imminent danger, this Court will consider the issue of jurisdiction.

## II. STANDARD OF REVIEW

Habeas Rule 4 requires a judge to *sua sponte* dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

## III. DISCUSSION

Section 2241 of Title 28 provides that the writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

6

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986); *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161, 166 (3d Cir. 1998).

Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *see also McGee v. Martinez*, 627 F. 3d 933, 936 (3d Cir. 2010) ("the fact that a civil rights claim is filed by a prisoner rather than by an unincarcerated

individual does not turn a § 1983 case or a *Bivens* action into a habeas petition").

Last year, in *Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012), a federal inmate petitioned for habeas relief under § 2241, arguing that the Bureau of Prisons illegally placed him in the Special Management Unit as punishment for filing lawsuits against the Bureau. The district court dismissed the petition for lack of jurisdiction under § 2241. The Third Circuit noted that, although § 2241 extends jurisdiction to claims concerning the execution of a federal inmate's sentence, "[i]n order to challenge the execution of his sentence under § 2241, Cardona would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Id.* at 537. The Third Circuit held that, because Cardona's petition did not allege that the "BOP's conduct was inconsistent with any express command or recommendation in his sentencing judgment," Cardona's petition did not challenge the execution of his sentence and the district court lacked jurisdiction under § 2241. *Id.*

The Petition filed by Capalbo does not challenge the fact or duration of his incarceration, or "concern how BOP is 'carrying out' or 'putting into effect' his sentence, as directed in his sentencing judgment." *Cardona*, 681 F.3d at 537. Accordingly, Capalbo's challenge to the adequacy of his medical care at FCI Fort Dix is not

8

cognizable under § 2241, and this Court will dismiss the Petition for lack of jurisdiction.  *Id.; see also Carter v. Bledsoe*, 2013 WL 2382615 (3d Cir. May 31, 2013) (prisoner's challenge to custody classification is not cognizable in § 2241 petition); *Murray v. Fed. Bureau of Prisons*, 478 Fed. App'x 730 (3d Cir. 2012) (District Court lacks jurisdiction under § 2241 to entertain challenge to conditions of confinement); *Johnson v. Zickefoose*, Civ. No. 11-6754 (RMB), 2012 WL 6691803 (D.N.J. Dec. 21, 2012) (District Court lacks jurisdiction to entertain challenge to adequacy of medical care and denial of transfer to medical facility under § 2241).

This Court will not *sua sponte* recharacterize the pleading as a civil complaint under *Bivens* for two reasons.  First, while Capalbo paid the $5 filing fee to file a § 2241 petition, the filing and administrative fees to file a *Bivens* complaint are $400; in the absence of an order granting *in forma* pauperis status, Local Civil Rule 5.1(f) prohibits the Clerk from filing a civil  complaint without prepayment of these fees.[1]

---

[1] Inmates filing a *Bivens* complaint who proceed *in forma pauperis* are required to pay the entire $350 filing fee in monthly installments, which are automatically deducted from the prison account, *see* 28 U.S.C. § 1915(b), and Capalbo has not consented to such an arrangement.  Also, whether the $400 fee is prepaid or *in forma pauperis* is granted, federal law requires a District Court to screen a complaint for dismissal and to *sua sponte* dismiss the complaint or any claim that fails to state a claim for relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  Moreover, if a prisoner has, on three or more occasions while incarcerated, brought a civil complaint or

The second reason for not *sua sponte* recharacterizing Capalbo's Petition as a *Bivens* complaint is that the sole respondent is Warden Hollingsworth and Capalbo does not state a *Bivens* claim against Hollingsworth, *i.e..*, the Petition does not allege facts showing that Hollingsworth himself was deliberately indifferent to Capalbo's medical needs.[2]

While this Court will not recharacterize the Petition as a *Bivens* action, this Court will reopen the file if Capalbo elects to recharacterize the matter as a *Bivens* action and, within 30 days, he either prepays the $400 filing and administrative fees or files an affidavit seeking permission to proceed *in forma pauperis*, together with a six-month prison account statement certified by the appropriate prison official, as required by 28 U.S.C. 1915(a).[3]

---

appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action *in forma pauperis* unless he or she is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

[2] The proper defendants in a *Bivens* action are persons who were deliberately indifferent to the plaintiff's serious medical needs. In addition, a *Bivens* complaint must contain sufficient factual "content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[3] In addition, if Capalbo elects to pursue relief under *Bivens,* it would be appropriate for him to also file a civil complaint naming defendants and asserting facts stating a deliberate indifference claim against each defendant.

### III.   CONCLUSION

Based on the foregoing, the Court dismisses the Petition for lack of jurisdiction.

s/Renée Marie Bumb  
**RENÉE MARIE BUMB**  
**United States District Judge**

DATED: July 8, 2013

11